**IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT FOR FLORIDA JACKSONVILLE DIVISION**

**CASE NO.: 3:14-cv-418-BJD-JBT**

**YVONNE LA VANCE HINTON,**

      **Plaintiff,**

**v.**

**SELECT PORTFOLIO SERVICING, INC.,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, et al.,**

      **Defendant(s).**

_____/

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT
WITH INCORPORATED MEMORANDUM OF LAW**

Defendants, Select Portfolio Servicing, Inc., and Deutsche Bank National Trust Company as Indenture Trustee, on Behalf of the Holders of the Accredited Mortgage Loan Trust 2005-1, Asset-Backed Notes, (collectively "Defendants"), by and through its undersigned attorneys, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), respectfully moves this Court to dismiss the Complaint in its entirety ("Complaint") filed by Plaintiff, Yvonne Lavanche Hinton ("Plaintiff" or "Hinton").

**I. INTRODUCTION**

On April 10, 2014, the Plaintiff filed this action against Defendants, and is apparently seeking relief under, "the Constitution for the [U]nited States of America, Uniform Commercial Code, UNICRTICIAL, I.C.C., USUFRUCT LAW, unlawful actions against the contracts of UNIDROIT, etc.,"[1] which Defendants assume Plaintiff alleges stem initially from a lawsuit filed in Duval County for foreclosure of the Plaintiff's residential property, Case No. 2008-CA-

---

[1] See *Complaint* [D.E. 1] at page 12.

138873.00809/50590756v.1

015500, involving nearly identical parties.[2] Plaintiff has filed an incomprehensible twelve page Complaint, containing case law summaries, questions, and allegations, but at no point formulating a valid cause of action. As such, Plaintiff has violated well established precedent under Rule 8, and her Complaint is subject to dismissal under Rule 12(b)(6).

## II. LEGAL ARGUMENT

### A. PLAINTIFF'S COMPLAINT VIOLATES RULE 8 AND IS SUBJECT TO DISMISSAL UNDER RULE 12(B)(6)

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a

---

[2] Plaintiff references a foreclosure lawsuit but fails to identify the case and county. *Complaint* [D.E. 1] at page 3.

complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id*. at 679. "The Eleventh Circuit has held that when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment [as Rule 12(d) allows when a movant presents arguments or materials that go beyond the four corners of the complaint], because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Davis v. Williams Commc'ns, Inc*., 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (*citing Bryant v. Avado Brands Inc.,* 187 F.3d 1271, 1279-80 (11th Cir. 1999)).

This Court should dismiss the Complaint in its entirety as Plaintiff has failed to comply with the Rule 8 pleading guidelines or to state a claim upon which relief can be granted. Plaintiff has not pled her Complaint with the required specificity under Rule 8 as to give "fair notice" of the claims brought. Under federal law it is clear that, "[a]lthough [Rule 8] does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Pierson v. Orlando Reg. Healthcare Sys. Inc.*, 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009) (quoting *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001)). In *Atuahene*, the court held that "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy this minimum standard." *Id*. Additionally, the *Pierson* court went on to hold that "[b]ecause of the grouping together of these Defendants without differentiation or some sort of

description of actions that could provide 'fair notice' of the basis for the claims against them, the claims against the [Defendants] are not sufficiently pled." *Id*. at 1274; see also *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367 (S.D. Fla. 2011) ("Plaintiff simply makes the conclusory allegation that Defendants (again improperly lumping them together) 'knew they did not have a legal right to use such collection techniques' without any specific factual allegations as to each Defendants' knowledge, much less what legal right was asserted and how that legal right somehow did not exist"); citing *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009). Thus, under the present facts and legal precedent, Defendants have not been given the "fair notice" as required by Rule 8, and this Complaint should be dismissed in its entirety.

Additionally, Plaintiff's Complaint is a prototypical "shotgun" pleading, the type of which is simply not permitted in the Eleventh Circuit. Because it is not possible to meaningfully respond to such a pleading, Defendants, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, move for a more definite statement in the alternative to dismissal. The Complaint contains 86 paragraphs (not including subparts), and asserts claims against five Defendants, without identifying each Defendants liability under any cause of action. On the third page of the Complaint, Plaintiff lists a "Statement of Fact or Violations…" against general parties referenced as, "Defendant," "Trustee," and "Agent."[3] It is impossible to determine which party the Plaintiff is referencing through these labels. Plaintiff then goes on to cite case summaries, list banking terms, and ask questions to the bank for the next nine (9) pages of the Complaint. The result is an utterly incomprehensible "hodgepodge" of allegations, which at no point state a cause of action against any Defendant.  The Eleventh Circuit is well aware of the negative effects that shotgun pleadings have on the district courts. *See, e.g.*, *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir.

---

[3] *Complaint* [D.E. 1] at page 3.

2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard."); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (observing that "[s]hotgun pleadings . . . exact an intolerable toll on the trial court's docket"). Because shotgun pleadings place such burdens on the courts and the defendants who must respond to them, they have been consistently frowned upon by the Eleventh Circuit. *See Strategic Income Fund*, 305 F.3d at 1295 n.9 (citing cases and noting that the court "has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay"); *see also Lumley v. City of Dade City*, 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (observing that court has "repeatedly condemned" shotgun pleadings); *Magluta v. Samples*, 256 F.3d 1282, 1283 (11th Cir. 2001) (recognizing that shotgun pleadings in the Eleventh Circuit have been "condemned repeatedly, beginning at least as early as 1991"). In cases where the district court allowed the plaintiffs to proceed on their shotgun pleadings, the Eleventh Circuit has vacated judgments and remanded with instructions to begin all over again. *See, e.g., Magluta*, 256 F.3d at 1284 ("In the past when faced with complaints like this one, we have vacated judgments and remanded with instructions that the district court require plaintiffs to replead their claims."). Because Plaintiff's Complaint is a shotgun pleading, this Court should require Plaintiffs to re-plead and to provide a more definite statement of their claims.

## B.     PLAINTIFF'S CLAIMS HAVE BEEN ADJUDICATED AT THE STATE COURT LEVEL, WHICH HAS A PRECLUSIVE EFFECT ON THIS COURT, PURSUANT TO THE FULL FAITH AND CREDIT STATUTE

From those allegations that can be discerned from Plaintiff's Complaint, most involve issues native to the state court foreclosure action, such as whether the foreclosing party is a "holder in due course," whether the foreclosing party produced and authenticated appropriate

documents, and whether the foreclosing party trust was authorized to bring the action.[4] These are all issues that would be decided by the state court having jurisdiction over the foreclosure action. In the instant action, it is believed that Plaintiff's grievances arise from the foreclosure action currently pending in The Circuit Court of the Fourth Judicial Circuit in and for Duval County, FL, Case No. 2008-CA-015500. A final judgment of foreclosure was entered in this matter on September 12, 2013, with the foreclosure sale occurring on April 7, 2014, and a Certificate of Title issued to the party plaintiff on April 22, 2014. This Court may take judicial notice of the state court record. *Davis v. Williams Commc'ns, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (*citing Bryant v. Avado Brands Inc.,* 187 F.3d 1271, 1279-80 (11th Cir. 1999)).

A state court determination has a preclusive effect, pursuant to full faith and credit statute, 28 U.S.C.A. § 1738, on subsequent federal action if state law would find plaintiff's subsequent federal claim precluded by initial state proceedings under doctrines of res judicata or collateral estoppel. The res judicata effect of a prior judgment is a question of law. See *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 546 (5th Cir. 2001). This Court is a not a state court of appeal to allow the Plaintiff a second bite at the apple. Res judicata includes two related concepts: claim preclusion and issue preclusion (also called collateral estoppel or issue estoppel). Claim preclusion bars a suit from being brought again on an event which was the subject of a previous legal cause of action that has already been finally decided between the parties or those in privity with a party. Issue preclusion bars the relitigation of issues of fact or law that have already been necessarily determined by a judge or jury as part of an earlier case.

Regardless of the form being used, collateral estoppel is an outgrowth of the principle that valid judgments must be given finality. To serve this goal, the courts fashioned the related doctrines of collateral estoppel and res judicata. Res judicata "makes a final, valid judgment

---

[4] *Complaint* [D.E. 1] at page 3.

conclusive on the parties and their privies as to all matters, fact and law, that were or should have been adjudicated in the proceeding." Such a judgment will prevent further litigation between the parties on the same claim or cause of action. Collateral estoppel, on the other hand, "recognizes that suits addressed to particular claims may present issues relevant to suits on other claims." The distinction between the two is that while res judicata applies to later suits on the same cause of action, collateral estoppel "precludes relitigation of issues actually litigated and determined in a prior suit regardless of whether it was based on the same cause of action as the second suit." 35 BLRLR 291, Baylor Law Review, *The Future of Offensive Collateral Estoppel in Texas*, Spring, 1983.

"Under the federal full faith and credit statute, federal courts must give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered. See 28 U.S.C. § 1738." *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001). "[A] federal court must give the same full faith and credit to the records and judicial proceedings of any state court that they would receive in the state from which they arise." *Gjellum v. City of Birmingham*, 829 F.2d 1056, 1060 (11th Cir.1987) (citing 28 U.S.C. § 1738). This is the rule regardless of whether the state court's judgments are erroneous. *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996); *Lops v. Lops*, 140 F.3d 927, 938 (11th Crr.1998). The preclusive effect of state judgments in federal court is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. See *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985), supra. ("This statute [28 U.S.C. § 1738] directs a federal court to refer to the preclusion law of the State

in which judgment was rendered."). Here, not only is the Plaintiff's Complaint in violation of Rule 8, but the issues alleged within have been decided by the state court presiding over the foreclosure action, and are not ripe for consideration in the instant action.

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Complaint should be dismissed.

**WHEREFORE**, Defendants respectfully requests the Court to dismiss the Complaint with prejudice, for an award of attorneys' fees pursuant to the terms of the loan documents, and grant any such other and further relief that the Court deems just and proper.

Respectfully Submitted: May 5, 2014

> **BLANK ROME LLP**
> 1200 N. Federal Highway, Suite 312
> Boca Raton, FL  33432
> Telephone: 561-417-8100
> Facsimile: 561-417-8101
>
> _/s/ Manuel S. Hiraldo_____
> ALBERT D. GIBSON
> FLA. BAR NO. 50765
> AGibson@BlankRome.com
> Bocaservice@BlankRome.com
> MANUEL S. HIRALDO
> Florida Bar No.: 030380
> MHiraldo@BlankRome.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 5, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, and sent via U. S. Mail to: Yvonne LaVance Hinton, 8150 Kilkelly Lane South, Jacksonville, FL 32244, Pro Se.

 _/s/ *Manuel S. Hiraldo*_
ALBERT D. GIBSON
FLA. BAR NO. 50765
AGibson@BlankRome.com
Bocaeservice@BlankRome.com
MANUEL S. HIRALDO
Florida Bar No.: 030380
MHiraldo@BlankRome.com

138873.00809/50590756v.1