UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YVONNE LAVANCE HINTON,

    Plaintiff,

vs.                                            Case No. 3:14-cv-418-J-39JBT

SELECT PORTFOLIO SERVICING
INC., et al.,

    Defendants.
_____

### ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 8; Report), entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on June 3, 2014. In the Report, Magistrate Judge Toomey recommends that this case be dismissed without prejudice for failure to prosecute. See Report at 2. On May 5, 2014, Magistrate Judge Toomey took under advisement Plaintiff's Affidavit of Indigency (Doc. 2), which he construed as an Application to Proceed In Forma Pauperis. (Doc. 7; 05/05/14 Order). Magistrate Judge Toomey directed Plaintiff to file an amended complaint by May 26, 2014, and, by that same day, to either pay the Court's filing fee or file a new financial affidavit that addressed issues raised in the Order. Id. at 6. Plaintiff failed to comply with the 05/05/14 Order, and based on that failure to comply, Magistrate Judge Toomey recommends that this matter be dismissed without prejudice for failure to prosecute. Report at 2.

Plaintiff has failed to file objections to the Report, and the time or doing so has now passed. The Clerk's Notes indicate that on June 23, 2014, Plaintiff paid the $400.00

filing fee.

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file, the Court determines that Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) has been rendered moot by Plaintiff's submission of the filing fee, albeit untimely. However, in view of the fact that Plaintiff has failed to file an amended complaint as directed by the Court in the 05/05/14 Order, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge, modified only to reflect the fact that Plaintiff has submitted a filing fee.

Accordingly, after due consideration, it is hereby

**ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 8) is **ADOPTED** as the opinion of the Court, modified to reflect the fact that Plaintiff paid the filing fee on June 23, 2014.

2. Plaintiff's Affidavit of Indigency, which the Court construes as Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2), is **DENIED AS MOOT**.

3. This case is **DISMISSED without prejudice** for failure to prosecute.

4.     The Clerk of the Court is directed to terminate all pending motions and deadlines as moot and close the file.

5.     The Clerk of the Court is directed to return the filing fee to the Plaintiff because it is equitable to do so under the circumstances.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of June, 2014.

_____
BRIAN J. DAVIS
United States District Judge

jl

Copies furnished to:

The Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of Record
Unrepresented Parties